UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT J. THOMAS,

    Petitioner,

v.                                                    Case No. 8:02-cv-2308-T-23MSS

MICHAEL W. MOORE,

    Respondent.
_____/

**O R D E R**

Thomas petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state conviction for two counts of armed robbery and one count of sexual battery, for which offenses he was sentenced as a habitual offender to serve life imprisonment. The respondent filed his response (Doc. 11), which is supported by numerous exhibits ("Respondent's Exhibit"), and Thomas filed a reply (Doc. 15). The respondent does not challenge the timeliness of the petition. Having considered the arguments of the parties and reviewed the record, this court concludes that the petition should be denied.

PROCEDURAL DEFAULT

The respondent argues that Thomas procedurally defaulted all of his grounds by failing to properly raise them in the state proceedings. A petitioner requesting a federal court to issue a writ of habeas corpus must present his claims to the state courts in a procedurally correct manner. *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995).

The procedurally correct way to raise claims of trial court error is on direct appeal. The procedurally correct way to raise a claim of ineffective assistance of trial counsel in the Florida state courts is in a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The procedurally correct way to present the Florida state courts with a claim of ineffective assistance of appellate counsel is in a petition for writ of habeas corpus filed with the appropriate Florida District Court of Appeal. Thomas' petition presents claims of trial court error and ineffective assistance of both trial and appellate counsel.

Before a claim is procedurally barred from federal review, a state court must reject reviewing a claim that was presented in an incorrect manner and the rejection must be based on the procedural default. "Thus, the mere fact that a federal claimant failed to abide by a state procedural rule does not, in and of itself, prevent this Court from reaching the federal claim: 'The state court must actually have relied on the procedural bar as an independent basis for its disposition of the case.'" *Harris v. Reed*, 489 U.S. 255, 262 (1989), quoting *Caldwell v. Mississippi,* 472 U.S. 320, 327 (1985). The state court must simply state that it is enforcing its state procedural rules. "[I]f 'it fairly appears that the state court rested its decision primarily on federal law,' this Court may reach the federal question on review unless the state court's opinion contains a 'plain statement' that its decision rests upon adequate and independent state grounds." *Harris v. Reed*, 489 U.S. at 261, quoting *Michigan v. Long*, 463 U.S. 1032, 1042 (1983). Consequently, simply citing to the state procedural rule and stating that the claim "could have been raised on direct appeal" or in some prior proceeding is insufficient. *Harris v.*

*Reed*, 489 U.S. at 266.  *See also Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir.) ("[W]here a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim."), *cert. denied*, 513 U.S. 1061 (1994).  Consequently, the initial question is whether the state court issued a "plain statement" applying its independent and adequate state procedural bar.

In grounds one through four Thomas alleges that trial counsel rendered ineffective assistance.  Thomas raised these claims in his second Rule 3.850 motion for post-conviction relief.  Respondent's Exhibit 11 (Doc. 12).  The state court's order contained a "plain statement" invoking the state's procedural default rule and, based on the default rule, declined considering the claims.

> In the instant Motion, Defendant alleges several new claims of ineffective assistance of trial counsel.  However, Defendant has previously filed a Motion for Post-Conviction Relief on June 10, 1999, which the Court summarily denied by its Order filed on June 1, 2000.
>
> Defendant's stated reasons for failing to include the new claims of ineffective assistance of counsel in his prior motion are insufficient to overcome the procedural bar.  Therefore, the instant Motion is an abuse of the procedure.

Respondent's Exhibit 12 (Doc. 12).  The state court's decision was summarily affirmed on appeal.  Respondent's Exhibit 14 (Doc. 12).  Consequently, Thomas procedurally defaulted grounds one through four, even though the appellate court did not address the issue.  *Harmon v. Barton*, 894 F.2d 1268, 1273 (11th Cir. 1990)(A state appellate "court's per curiam affirmance of the trial court's ruling explicitly based on procedural

default is a clear and express statement of its reliance on an independent and adequate state ground which bars consideration by the federal courts.").

In ground five Thomas alleges that the trial court erroneously overruled a defense objection to testimony from one of the victims that Thomas appeared to recognize her during a pre-trial hearing.  Thomas raised this claim in his first Rule 3.850 motion for post-conviction relief.  Respondent's Exhibit 8 (Doc. 12).  The state court's order contained a "plain statement" invoking the state's procedural default rule and declined considering the claim based on the default rule.

> As his tenth claim for relief, Defendant contends that the trial Judge erred when he overruled defense counsel's objection to testimony that Defendant had seen one of the victims at a pretrial hearing and appeared to recognize her.  The record reflects that defense counsel was, in fact, overruled when she objected on grounds of speculation that Defendant had seen one of the victim's in the courtroom a few days earlier and that, according to the victim, Defendant had "appeared" to recognize her.  Defendant does not suggest, however, why this was error (or an abuse of discretion).  Nevertheless, this allegation is one which could have been, or should have been, raised on Defendant's direct appeal, and thus, it is not cognizable in a collateral postconviction proceeding.  See e.g., Oats v. Dugger, 638 So.2d 20, 21 (Fla 1994); see also Duest v. Dugger, 555 So.2d 849 (Fla. 1990).  Therefore, it is procedurally barred from consideration in the instant Motion.  As such, Defendant is not entitled to relief on this claim.

Respondent's Exhibit 9 ¶ 10 at 13-14 (Doc. 12).  The state court's decision was summarily affirmed on appeal.  Respondent's Exhibit 10 (Doc. 12).  Consequently, Thomas procedurally defaulted ground five.

Federal courts are precluded from addressing the merits of claims held procedurally barred under state law unless the petitioner can show "cause and prejudice" or "manifest injustice."  *Coleman v. Thompson*, 501 U.S. 72, 29-30 (1991);

*Murray v. Carrier*, 477 U.S. 478, 496 (1986).  "Cause" must ordinarily be something external to the defense. *Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995).  To show "prejudice," the petitioner must show "not merely that the errors at his trial created the possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982))  (*emphasis original*).

To meet the fundamental miscarriage of justice exception, Thomas must show constitutional error coupled with "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  This exception is not available unless "petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995) (denying certificate of probable cause).

Further, Thomas must show that he has exhausted what he claims excuses his procedural default, to the extent it constitutes an independent constitutional claim. *See Murray v. Carrier*, 477 U.S. at 488-89 (where ineffective assistance of counsel is alleged as cause to excuse a procedural default, the claim of ineffectiveness must be presented to the state courts as an independent claim); *Hill v. Jones*, 81 F.3d 1015, 1830 (11th Cir. 1996)("procedurally defaulted claims of ineffective assistance *cannot* serve as cause to excuse a default of a[nother] claim.") (emphasis original), *cert. denied*, 519 U.S. 1119 (1997).

Thomas meets neither the "cause and prejudice" nor the "fundamental miscarriage of justice" exception to procedural default. This failure procedurally bars review.

Finally, Thomas alleges in ground six that he was denied the effective assistance of appellate counsel. The procedurally correct way to exhaust this type of claim is in a petition for writ of habeas corpus filed with the appropriate Florida District Court of Appeal. Thomas represented in his petition that he properly raised this claim in a petition filed with the appellate court. The respondent argues that this claim is unexhausted, but the argument fails to address Thomas' representation in the petition that he exhausted this ground, a representation that includes dates of filing and disposition. The response ignores rather than refutes Thomas' claim of exhaustion. The petition, liberally construed, adequately alleges exhaustion of the claim of ineffective assistance of appellate counsel and the respondent has not adequately shown otherwise. Consequently, the court will consider ground six as exhausted and reviewable on the merits.

## STANDARD OF REVIEW

Because this action commenced after April 24, 1996, 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs these proceedings. *Wilcox v. Florida Dep't of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000).

Section 2254(d) creates a highly deferential standard for federal court review of state court adjudications. In pertinent part, § 2254(d) states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, §2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Moreover, "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002). *Accord*

*Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001)("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").

Thomas alleges that appellate counsel was ineffective for failing to raise on direct appeal that the prosecutor engaged in misconduct during closing argument. The evidence presented against Thomas consisted of the identification testimony by the two victims and the recovery of Thomas' fingerprint from the bottom of the money drawer. Thomas did not present a defense, thus acquiring the opportunity to present both opening and rebuttal arguments to the jury. Respondent's Exhibit 2 at 167 (Doc. 12). Thomas contends that the following statements by the prosecutor were an impermissible comment on Thomas' right not to testify.[*]

> You have heard all the evidence, and the evidence is absolutely one hundred percent uncontroverted that man left his fingerprints on the bottom of that cash drawer.
> . . .
> Folks, there's not a more incriminating spot that that person could have left his fingerprints besides that till. If he had left them on the countertop, he might have had an explanation, "I was in there buying flowers some day." Well, that would be speculation. There is no evidence of that either. But if it has [sic] been on a more common area, you might have believed that perhaps it was left in a more non-incriminating fashion.

Respondent's Exhibit 2 at 173-74 (Doc. 12).

> If you recall, they [the victims] both apparently told Officer Lofton they could make an identification, and they did. They didn't identify the photo pack, but they identified him here in person.

---

[*] In ground one, Thomas alleged that trial counsel was ineffective for failing to object to the prosecutor's comments during closing arguments. Thomas' claim of ineffective assistance of appellate counsel is based on the same allegedly improper comments. Because of the structure of Thomas' federal petition, the specific comments about which Thomas complains are alleged in ground one.

- 8 -

>  Maybe not beyond a reasonable doubt, but when you come [sic] combine that with his fingerprints, there was no explanation. Certainly that's beyond a reasonable doubt.

Respondent's Exhibit 2 at 175 (Doc. 12).

>  As I was saying, to make an analogy, a fingerprint on a jewelry box in a person's house that's been burglarized and the jewelry stolen and the person's never been in the house before, there's never been any permission to be in the house, isn't that enough to assume that the person that left that fingerprint committed the burglary?
>
>  Use your common sense. I would suggest to you it certainly would be if the evidence was uncontroverted, if there was no other evidence to consider anything otherwise and there's been no other evidence.

Respondent's Exhibit 2 at 177 (Doc. 12).

>  I hope you will listen carefully to the instructions the Judge reads to you when you go back in the jury room and sit and talk amongst yourselves, and I suggest you will find no explanation, no innocent explanation for the evidence that has been placed and piled up against Mr. Thomas today, and when you go through all that, you look at the elements the State has to prove beyond a reasonable doubt, the State is comfortable and confident that you will come back with a verdict that speaks the truth in this case, which is that he is guilty of both armed robbery with a deadly weapon and sexual assault.

Respondent's Exhibit 2 at 187 (Doc. 12).

The prosecutor's comments were not specific references to Thomas' failure to testify. Instead, each comment was an attempt to get the jury to focus on the fingerprint evidence. The prosecutor's statements responded to the theme in defense counsel's opening argument, in which Thomas' counsel argued that the victims could not identify Thomas in a photo pack the day following the attack and the police had the "wrong man." In proper context, the prosecutor's comments were not improper comments on Thomas' right not to testify.

Accordingly, Thomas' petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Thomas and CLOSE this action.

ORDERED in Tampa, Florida, on March 8, 2006.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro